UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RHONDA ADKINS,

      Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSONER OF SOCIAL SECURITY,

      Defendant.

Case No. 1:07-cv-723

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Expenses under the Equal Access to Justice Act (EAJA) (Doc. 15), and Defendant's Memorandum in Opposition (Doc. 20).

Pursuant to local practice, Plaintiff's Motion for Fees and Expenses (Doc. 15) has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. 28 U.S.C. §636(b). For the reasons stated herein, I recommend that Plaintiff's Motion be granted.

**I. Relevant Factual Background**

On November 3, 2008, this Court issued a Report and Recommendation that Plaintiff's case be reversed and remanded pursuant to Sentence Six of 42 U.S.C. §405(g). (Doc. 13). On December 4, 2008, the District Court adopted this Court's Recommendation and reversed the non-disability finding of the Administrative Law Judge ("ALJ") pursuant to Sentence Six of 42 U.S.C. §405(g) and remanded to the ALJ for further administrative proceedings. (Doc. 14). On February 3, 2010, a hearing was

held before the ALJ, and a fully favorable decision was subsequently released on March 5, 2010, granting Plaintiff disability benefits commencing February 17, 2005. (Doc. 15-1). On March 25, 2010, Plaintiff's counsel filed a Motion for Fees and Expenses pursuant to 28 U.S.C. §2412, the Equal Access to Justice Act ("EAJA"). (Doc. 15). In said Motion, counsel requested costs and expenses in the amount of $3,336.86. (Doc. 15).

On October 8, 2010, Plaintiff filed her Motion for Order to Adopt and Ratify the ALJ's Disability Decision. (Doc. 16). On October 12, 2010, this Court issued a Report and Recommendation that in light of the ALJ's decision on March 5, 2010, Plaintiff should be deemed disabled, as a matter of law, since February 17, 2005; and that Plaintiff's Motion for Entry of Final Order be granted. (Doc. 17). On October 20, 2010, Defendant filed its response to Plaintiff's Motion for Attorney's Fees and Expenses objecting to the requested amount. (Doc. 20). On November 5, 2010, the District Court adopted this Court's Recommendation and issued a final appealable order. (Doc. 21).

**II. Analysis**

**A. Standard of Review**

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. §2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.,* 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991).

Further, the EAJA provides that:

[A] A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

**B. Timeliness of Plaintiff's Motion**

In this case, the Court issued its final appealable order on November 5, 2010. (Doc. 21). Plaintiff's counsel filed his Motion for Attorney's Fees and Expenses on March 25, 2010, two hundred and twenty-four days prior to the Court's final order. (Doc. 15). Thus, Plaintiff's counsel filed his Motion prematurely. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that the time for appeal does not end until after "entry of judgment" and that a judgment is considered entered for purposes of the rule only if it has been "entered in compliance with Rul[e] 58…of the Federal Rules of Civil Procedure." Fed. R. App. Proc. 4(a)(1),(7).

However, given the fact the Court has now entered final judgment, if Plaintiff had filed the same EAJA petition within the applicable time frame following the Court's Order, it would have been redundant. Thus, although premature, the Court does not find Plaintiff's filing to be detrimental to her Motion for Attorney's Fees and Expenses. Therefore, for purposes of this matter, Plaintiff's Motion is deemed timely and properly before the Court.

3

**C. Prevailing Party**

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. §2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that at the time this action was filed, Plaintiff's net worth was less than $2,000,000. Moreover, Plaintiff became the "prevailing party" when she obtained a reversal and remand for further proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 300-302 (1993) (social security claimant who obtains a sentence six judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

**D. Substantial Justification**

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. Pierce v. Underwood, 487 U.S. 552 (1988). The "substantial evidence" standard used on appeal in Social Security cases is not the same as the "substantial justification" standard under the EAJA. The government's position "can be justified even though it is not correct, and…it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce, 487 U.S. at 566 n. 2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case…" Howard v. Barnhart, 376

F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce,* 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.,* 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen,* 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Commissioner, INS v. Jean,* 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA…like other fee shifting statutes…favors treating a case as an inclusive whole, rather than as an atomized like-items.").

It is the government's burden under EAJA to prove that its position was substantially justified. *United States v. True,* 250 F.3d 410, 419 n.7 (6th Cir. 2001), citing *Crawford v. Sullivan,* 935 F.2d 655, 658 (4th Cir. 1991); *United States v. 5,507.38 Acres of Land,* 832 F.2d 882, 883 (5th Cir. 1987). *See also Howard v. Heckler,* 581 F. Supp. 1231, 1233 (S.D. Ohio 1984).

In the present case, Plaintiff appealed the ALJ's decision because it was not supported by substantial evidence. In its order dated December 4, 2008, the District Court found that the Commissioner's decision *was not* supported by substantial evidence. (Doc. 14). Furthermore, in Defendant's Response Memorandum, the Commissioner states that he does not oppose an award to Plaintiff under the EAJA and also acknowledges that despite some, "unusual circumstances," he will not argue that

the Agency's position was not supported by substantial evidence. (Doc. 20 at 2). Given the discussion in the prior Report and Recommendation (Doc. 13) of the legal and factual errors made by the ALJ and Defendant's failure to file objections to the prior Report and Recommendation as well as his current position on the fee issue, the court, therefore, finds that Defendant's position in this matter was not substantially justified.

### E. Special Circumstances

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. §2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which Plaintiff's counsel is entitled.

### F. Calculation of Fee Award

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded…shall be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. §2412(d)(2)(A).

With respect to the first of these factors, *i.e.,* the prevailing market rate charged by Social Security practitioners in southwestern Ohio, the Court held as long ago as 1992 that the applicable rate is at least $100.00 per hour. *See, e.g., Hayes v. Sullivan,* Case No. 1:89-cv-681 (S.D. Ohio Aug 31, 1992)(Doc. 18); *Hines v. Sullivan*, Case No. 1:89-cv-354 (S.D. Ohio Sept. 16, 1992)(Doc. 26). Accordingly, the Court so finds here as well. More recently, the Court has awarded EAJA fees of $147.25 per hour. *See Malone-Hill v. Commissioner of Soc. Sec.,* Case No. 1:01-cv-119, (S.D. Ohio Aug. 21,

6

2002)(Doc. 13).

The Court next examines the second and third statutory criteria, namely the cost of living adjustment ("COLA") and other "special factors." Although the cost of living "has risen since the enactment of the EAJA," *Begley v. Secretary of Health and Human Servs.,* 966 F.2d 196,199 (6th Cir. 1992), the decision whether this increase justifies a fee in excess of the $125.00 statutory rate is a matter left within the district court's discretion. *Id.* at 200. The Sixth Circuit has stated that the $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health and Human Serv.,* 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "Chipman as a specific instruction not to use [$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in the original). The Court of Appeals has "neither precluded cost of living adjustment in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

In this case, Plaintiff has requested a COLA for services rendered after March 29, 1996, the date the statutory rate increased from $75.00 to $125.00. *See London v. Halter,* 203 F. Supp.2d 367. 373 (E.D. Tenn. 2001). The Court concludes that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of the EAJA.[1]

This Court has recently determined that the COLA should be based on the

---

[1] This Court, relying on *Bryant v. Commissioner of Soc. Sec.,* 578 F.3d 443, 450 (6th Cir. 2009), has recently recommended that submitting only the Department of Labor's Consumer Price Index is not enough to support an increase in the hourly rate. (See the "Report and Recommendation" in *Bushor v. Commissioner of Social Security,* Case No. 1:09-cv-320 (Doc. 25) (S.D. Ohio, January 10, 2011). However, here Plaintiff has submitted additional evidence to support an increase in the hourly rate.

multiplier for the particular year in which compensable services were rendered (historic rates), rather than for the year in which Plaintiff filed his EAJA petition (current rates). *See Jones v. Commissioner of Social Security,* 2007 WL 1362776 (S.D. Ohio May 8, 2007) (Barrett, J.). In determining the COLA rate to use, the Court notes that the Consumer Price Index (CPI) (which reflects the rate of inflation) is published on a monthly basis as well as on an annualized basis. Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed, the Court should use the cost of living multiplier applicable to the particular year in which fees were incurred. *See Marcus v. Shalala,* 17 F.3d 1033, 1040 (7th Cir. 1994); *Knudsen v. Barnhart,* 2004 W.L. 3240489*, *10 (N.D. Iowa 2004); *Gates v. Barnhart,* 325 F. Supp.2d 1342, 1347 (M.D. Fla. 2002). In the event that an annualized multiplier is not available for the latest year in which services were performed, the Court should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year. *See Knudsen,* 2004 W.L. 3240489, *10; *Gates,* 325 F. Supp.2d at 1347.

Applying these principles to the instant case, the Court computes the COLA increase as follows. The Court applies the CPI for "*services*" for the Midwest Urban area.[2][3][4] *See Riley v. Barnhart,* Case No. 1:02-cv-625 (S.D. Ohio Feb. 10, 2005) (Weber, J.) (Doc. 39, adopting Report and Recommendation of Dec. 3, 2004) (use of the CPI of *"services"* is a more accurate reflection of increase in value of legal services

---

[2] U.S. Department of Labor Bureau of Labor Statistics, Consumer Price Index – All Urban Consumers, Midwest Urban, Services, 1982-84-100 (http//data.bls.gov/cgi-bin/surveymost).
[3] The Court acknowledges that the 2nd, 3rd, 4th and 9th Circuit use the "*all items*" index; however, the 6th Circuit has not made that holding.
[4] The Commissioner argues for the use of the yearly U.S. City Average COLA; however, he provides no case law to support this argument. The Court finds the Midwest Urban COLA to be appropriate.

than CPI of *"all items"*). In March 1996, when the $125.00 statutory rate became effective, the CPI was 166.5 for Midwestern Urban consumers. In 2007, the CPI was 234.476. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $176.03, (2007 CPI of 234.476 divided by March 1996 CPI of 166.5 times $125.00). In 2008, the CPI was 241.771. Adjusted for the increased cost of living, the statutory rate of $125.00 was increased to $181.51, (2008 CPI of 241.771 divided by March 1996 CPI of 166.5 times $125.00). In March 2010, the only month in 2010 during which Plaintiff's attorney performed legal work, the average CPI for the year at that point was 245.469. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $184.28, (January, February and March 2010 average CPI of 245.469 divided by March 1996 CPI of 166.5 times $125.00).

As discussed above, the proper CPI for legal services rendered should be based on the "Midwest Urban, *Services*" CPI for the year in which those services were performed. Here, Plaintiff argues that per the Bureau of Labor and Statistics, the CPI for "Midwest Urban, *All Items*"[5] in the Midwest Region has changed from a CPI of 151.7 in March 1996, to a CPI of 205.632 for August 2009 and that based upon the formula set forth above, would equate to an hourly rate of $170.00 for August 2009, which Plaintiff's counsel claims is the last month he performed work on this case.[6] Further

---

[5] Plaintiff's counsel claims that the data for the CPI for "*services"* in the Midwest region of the United States is no longer available and as a result, he had to use the statistics for "*all items*," in attempting to calculate the relevant CPI. However, the Court finds such statement misleading because after performing research it was able to locate the applicable *"services"* statistics on the U.S. Department of Labor Bureau of Labor Statistics' Website, *www.bls.gov*.

[6] Plaintiff's counsel claims that August 2009 was the last month he performed legal services for Plaintiff in this case, however, this statement is contradicted by counsel's affidavit (Doc. 15 at 11), in which he provides that the last month he worked on Plaintiff's case was March 12, 2010, when he prepared the EAJA fee petition. After a review of the record, the Court finds that March 12, 2010 was the last month Plaintiff's counsel performed legal services for Plaintiff and as such, has calculated the CPI based upon said affirmation.

9

Plaintiff's counsel asserts that based upon said formula, there appears to be good support for increasing the statutory rate of EAJA fees to the requested amount of $178.32.

However, Plaintiff's computation is incorrect as Plaintiff erroneously relies upon statistics for *"all items"* in the Midwest region instead of *"services."* Had plaintiff sought a fee award applying the annualized CPI for *"services"* for the Midwest Urban, which this Court finds to yield the proper cost of living increase, plaintiff's counsel would have been entitled to hourly fees ranging of $176.03 for work performed in 2007, $181.51 for work performed in 2008, and $184.28 for work performed in 2010. Accordingly, the Court finds the $178.32 rate sought by plaintiff to be reasonable in this matter.[7]

Further, the Court has reviewed the number of hours submitted by counsel and finds such hours reasonable and relevant to the prosecution of this matter. Accordingly, the Court finds the requested fee by counsel to be reasonable and should be awarded under EAJA. However, the Court notes that Plaintiff's counsel's computation is again incorrect as compensation for the 16.45 hours at the $178.32 hourly rate yields an attorney fee of $2,933.36, instead of the $2,986.86 provided in the Motion.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED:**

1. That the EAJA fee petition filed by plaintiff's counsel be **GRANTED,** and that counsel be **AWARDED $2,933.36** in attorney fees and $350.00 in costs and expenses for a total award of **$3,283.36.**

*s/Stephanie K. Bowman*
United States Magistrate Judge

---

[7] Because the rate proposed by Plaintiff is within the range of figures obtained by the Court using the 2007, 2008, and 2010 CPI, the United States will not be prejudiced in adopting the rate proposed by Plaintiff.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RHONDA ADKINS,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:07-cv-723

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).