**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Rhonda Adkins,

       Plaintiff,

    v.                            Case No. 1:07cv723

Commissioner of Social Security,        Judge Michael R. Barrett

       Defendant.

**ORDER**

     This matter is before the Court upon the February 18, 2011 Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 25.) The Magistrate Judge recommends awarding $2,933.36 in attorney fees and $350 in costs to Plaintiff's counsel.

     The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] The Commissioner filed timely Objections to the R&R (Doc. 16), and Plaintiff filed a Response to those Objections (Doc. 29).

     First, the Commissioner objects that the award is to be made to counsel, rather than Plaintiff. Plaintiff does not object. The Supreme Court has explained that EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010). Therefore, any award will be made to Plaintiff.

     Next, the Commissioner objects to the hourly rate used in the R&R to calculate the

---

[1]A notice was attached to the Magistrate's Report and Recommendation regarding objections.

award.  The Commissioner does not object to the recommendation that a cost of living adjustment should be made.  However, the Commissioner does object to the Magistrate's recommendation to use the Consumer Price Index for "Services," rather than the Consumer Price Index for "All Items."[2]

Under 28 U.S.C. § 2412(d)(2)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  The Sixth Circuit has held a cost of living adjustment based upon the Consumer Price Index is a matter of discretion for the district court.  *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992).

The Sixth Circuit has not addressed whether a court should employ the "Legal Services" or "Personal Services" category of the Consumer Price Index or the "All Items" index to calculate the appropriate cost of living increase.  Other circuits which have addressed the issue have held that the "All Items" category provides the appropriate measure of inflation.  *Harris v. Sullivan*, 968 F.2d 263, 265 (2nd Cir. 1992); *DeWalt v. Sullivan*, 963 F.2d 27 (3d Cir. 1992); *Sullivan v. Sullivan*, 958 F.2d 574, 576-77 (4th Cir. 1992); *Jones v. Espy*, 10 F.3d 690, 692 (9th Cir. 1993).  These courts have reasoned that the upward adjustment authorized by the statute is for "an increase in the cost of living," not an increase in the cost of personal services or legal services.  *See* 28 U.S.C. §

---

[2]The Commissioner does not object to the use of the regional rather than the U.S.City average index, but notes that the authorities on this point are unsettled.

2412(d)(2)(A)(ii). As one court explained: "Congress meant to permit upward adjustments based on the overall purchasing power of money and not on the ability of money to buy legal services." *Jones*, 10 F.3d at 692. These courts have concluded that it is an abuse of discretion for a district court to use the "Legal Services" index. *See*, *e.g.*, *Sullivan v. Sullivan*, 958 F.2d at 576.

The Court notes that there is some discrepancy within this Court as to the use of "Services" indexes and the "All Items" index to calculate the appropriate cost of living increase. *See*, *e.g.*, *Barge v. Commissioner of Social Security*, 2010 WL 785375, *4 (S.D.Ohio Mar. 8, 2010) (unpublished) (computing cost of living increase based upon CPI for Services); *Morris v. Astrue*, 2010 WL 3522350, *2 (S.D.Ohio Aug. 17, 2010) (computing cost of living increase based upon CPI All Items Index); *Elliott v. Commissioner of Social Security*, 2009 WL 1935925, *3 (S.D. Ohio June 30, 2009) (unpublished) (CPI All Items Index); *Johnson v. Commissioner of Social Security*, 2009 WL 1911894, *2 (S.D.Ohio June 30, 2009) (CPI All Items Index); *Lamb v. Commissioner of Social Security*, 2009 WL 3753490, *4 (S.D.Ohio Nov. 9, 2009) (unpublished) (CPI for Services); *see also Allshouse v. Commissioner of Social Security*, 2009 WL 4884968, *7 (E.D.Mich. Dec. 11, 2009) (unpublished) (CPI All Items Index); *Griffin v. Secretary of Health and Human Services*, 1994 WL 531534, *5 (N.D.Ohio Sept. 26, 1994) (unpublished) (CPI All Items Index). These decisions do not address the propriety of using the "Services" indexes in favor of the "All Items" index. However, upon being presented with the issue, the Court finds that the appropriate index is that found in the "All Items" category. The Court is largely persuaded by the reasoning of the Fourth Circuit:

Attorney fee awards are capped at [$175] per hour under the terms of section 2412(d)(2)(A), "unless the court determines that an increase in the *cost of living* . . . justifies a higher fee."  Congress neither defined "cost of living" nor specified an index or other data to be used in calculating increases in the cost of living.  "Cost of living," however, is a term with a commonly understood meaning.  As commonly understood, the term means the costs of food, shelter, clothing, and other basic goods and services needed in everyday life.  It is highly unlikely that Congress would have chosen this commonly used term, which is widely understood to be a composite of almost exclusively nonlegal costs, had it intended to authorize adjustments to reflect increases in legal services costs in particular; if this had been its intent, it would have simply stated that the [$175] cap applies "unless the court determines that an increase in the cost of legal services . . . justifies a higher fee."  Additionally, if Congress had intended for the term to have a specialized meaning, it almost certainly would have specially defined the term.  *See Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.").

*Sullivan v. Sullivan*, 958 F.2d at 576-77 (emphasis in original) (footnote and internal citation omitted).

Based on the foregoing, the Court concludes that an increase in the statutory $125.00 fee based on the cost of living is appropriate; and that the cost of living is to be calculated using the CPI "All Items" Index.  According to the calculations made by the Commissioner, the maximum fee award would be $2,757.14.

It is hereby **ORDERED** that the February 18, 2011 Magistrate Judge's R&R (Doc. 25.) is **ACCEPTED IN PART** and **MODIFIED IN PART** as follows:

1.    The recommendation of the Magistrate Judge that Plaintiff be awarded attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) is ACCEPTED and ADOPTED; and

2.    The recommendation of the Magistrate Judge as to the amount of the fee

4

award is MODIFIED as follows:

| | |
|---|---|
| Attorney fees | $2,757.14 |
| Costs | $   350.00 |
| | |
| TOTAL | $3,107.14 |

3.      The amount of $3,107.14 is to be awarded to Plaintiff.

**IT IS SO ORDERED.**


                                          */s/ Michael R. Barrett*
                                  Michael R. Barrett, Judge
                                  United States District Court


5